```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ROBERT STERNAU,                                  :
                                                 :    08 Civ 6671 (LAK)
                              Plaintiff,         :
                                                 :
      -against-                                  :    COMPLAINT
                                                 :
                                                 :
RAMSEY PRESS, INC.,                              :    ECF Document
                                                 :
                              Defendant.         :
------------------------------------------------------------------------x
```

Plaintiff Robert Sternau, by his attorney Brooks Banker, as and for his complaint against Defendant Ramsey Press, Inc. respectfully alleges as follows:

Parties

1. Plaintiff Robert Sternau ("Plaintiff") is an adult individual and resident of the State of New York with a residence at 45 Bank Street, Cold Spring, New York.

2. Defendant Ramsey Press, Inc ("Defendant") is a New Jersey corporation with its place of business at 46 Industrial Avenue, Mahwah, New Jersey.

Jurisdiction

3. The Court has original jurisdiction over this action, pursuant to 28 U.S.C. 1332(a), in that the matter in controversy arose between citizens of different States, and in that the amount in controversy exceeds $75,000, exclusive of interest and costs.

## Summary of the Complaint

4.      This is an action for breach of a contract of employment. Pursuant to a written agreement, Defendant promised to employ Plaintiff for three years commencing in October 2007. Without cause and without prior notice, Defendant summarily terminated Plaintiff in June 2008. By this action Plaintiff seeks to recover from Defendant the compensation and benefits to which Defendant committed upon employing Plaintiff.

## The Employment Agreement

5.      On October 12, 2007, the parties signed a document entitled "Employment Agreement" (the "Agreement").

6.      Pursuant to the Agreement, Defendant agreed to employ Plaintiff as its vice president of sales for a period of three years commencing on October 15, 2007.

7.      Pursuant to the Agreement, Defendant agreed to pay Plaintiff a base salary in the annual amount of $135,000 and, in addition, an annual bonus calculated as a percentage of Defendant's gross sales.

8.      Pursuant to the Agreement, Defendant agreed not to terminate Plaintiff except for good cause. Prior to termination for good cause, Defendant agreed to give Plaintiff 30 days prior written notice during which Plaintiff has the "right to rectify the basis for termination."

9.      Plaintiff began work as Defendant's employee on October 15, 2007. As an employee Plaintiff fully and faithfully discharged his duties to Defendant.

Defendant's Breach of the Agreement

10.     On the afternoon of Friday, June 13, 2008, Defendant hand-delivered to Plaintiff a letter terminating Plaintiff's employment with Defendant.

11.     Immediately after handing Plaintiff the letter, Defendant demanded that Plaintiff leave Defendant's offices and that Plaintiff not return.

12.     Prior to June 13, 2008, Defendant gave Plaintiff no notice, written or otherwise, that Defendant desired to terminate the Agreement.

13.     Prior to June 13, 2008, Defendant gave Plaintiff no opportunity "to rectify the basis for termination".

14.     No basis for termination existed.

15.     Defendant's termination of Plaintiff constituted an intentional and material breach of the Agreement.

### Plaintiff's Damages

16. Following termination of his employment with Defendant, Plaintiff could not find employment on the same terms set forth in the Agreement.

17. By reason of Defendant's breach of the Agreement, Plaintiff has been damaged in an amount to be determined at trial but believed to be no less than $200,000.

18. Pursuant to the Agreement, Defendant is obligated to reimburse Plaintiff for certain business expenses.

19. Despite due demand by Plaintiff, Defendant failed to reimburse Plaintiff for such expenses.

20. By reason of Defendant's breach of its promise to reimburse, Plaintiff has been damaged in the amount of $7,774.45.

Wherefore, Plaintiff demands judgment against Defendant in the amount of $207,774.45 together with interest, costs and disbursements.

Dated:   New York, New York
         July 25, 2008

                                          _____
                                          Brooks Banker
                                          551 Fifth Avenue, Suite 2800
                                          New York, New York 10176
                                          (212) 972-0534

                                          Attorney for Plaintiff